**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-4489**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

VIRNA VENTURA ROMANO,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Leonard D. Wexler, Senior District Judge, sitting by designation.  (CR-03-593)

Submitted:  May 11, 2005              Decided:  July 29, 2005

Before WILLIAMS, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Joseph J. McCarthy, DELANEY, MCCARTHY & COLTON, P.C., Alexandria, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Lawrence J. Leiser, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Virna Ventura Romano appeals her convictions and sentence following her indictment and trial on charges related to narcotics smuggling. Finding no reversible error, we affirm.

Romano first claims that the district court erred by allowing a lay witness to testify to an expert opinion. To the extent Romano preserved this claim, we review for an abuse of discretion by the district court. See Gen. Elec. Co. v. Joiner, 522 U.S. 136, 139 (1997); United States v. Powers, 59 F.3d 1460, 1470-71 (4th Cir. 1995). We conclude that the error, if any, is harmless because adequate and independent evidence supported the verdict. Consequently, "the judgment was not substantially swayed by the error." See United States v. Nyman, 649 F.2d 208, 211-12 (4th Cir. 1980) (quoting Kotteakos v. United States, 328 U.S. 750, 765 (1946)).

We likewise conclude that the district court did not err in denying Romano's motion for a judgment of acquittal made pursuant to Fed. R. Crim. P. 29. "The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). When we consider Romano's nervous behavior, her inconsistent statements and declaration forms, and the circumstances of her hastily arranged and exceedingly brief proposed stay in the United States, we conclude the Government

produced substantial evidence of Romano's knowledge of the contraband nature of the contents of her luggage.

Romano next assigns error to the district court's instruction to the jury regarding deliberate ignorance. An instruction on deliberate ignorance "is proper when the defendant asserts a lack of guilty knowledge but the evidence supports an inference of deliberate ignorance" on the defendant's part. United States v. Ruhe, 191 F.3d 376, 384 (4th Cir. 1999) (internal quotation marks and citations omitted). In this matter, the circumstances surrounding Romano's travel to the United States and her explanation regarding her possession of the contraband exhibited a degree of deliberate ignorance, rendering the instruction proper. Accordingly, we deny this claim.

Romano assigns several claims of error to evidentiary rulings of the district court relating to a videotape and character testimony. Our review of the transcript discloses no abuse of discretion by the district court in excluding the videotape and limiting the nature and scope of what would have been cumulative or irrelevant testimony. Accordingly, we deny these claims.

Finally, Romano claims that the district court violated her Sixth Amendment right to trial by a jury. In United States v. Hughes, 401 F.3d 540 (4th Cir. 2005), this court held a district court commits plain error by sentencing a defendant to a term that exceeds the maximum sentence then authorized under the Sentencing

Guidelines by the facts found by the jury alone. The jury's verdict supports a finding that Romano was responsible for the importation of 500 grams or more of cocaine. This quantity of cocaine corresponds to a sentencing range of sixty-three to seventy-eight months' imprisonment. See U.S. Sentencing Guidelines Manual § 2D1.1(c)(7) (2003); Ch. 5, Pt. A, table. The district court's sentence of seventy months was within this range.

Although a mandatory application of the guidelines is erroneous even in the absence of a Sixth Amendment violation, see United States v. White, 405 F.3d 208, 216-17 (2005), Romano is not entitled to resentencing unless she can also demonstrate that the error affected her substantial rights. We conclude that Romano has not satisfied this requirement as the record does not provide a nonspeculative basis for concluding that the district court's mandatory application of the sentencing guidelines resulted in prejudice to her. See id. at 223. Accordingly, we find no reversible error in the district court's imposition of sentence.

We affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED